IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| WILLIAM TODD WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) No. 2:06-CV-150 |
| | ) |
| JOHN GOODWIN and | ) |
| HUMANE SOCIETY OF THE | ) |
| UNITED STATES, INC., and | ) |
| JOHN DOES, one through twenty-five, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This civil action is before the court on defendants' motion for summary judgment [doc. 9]. Plaintiff has filed a response and affidavit [docs. 11, 12], to which defendants have submitted a reply [doc. 15]. Also before the court is defendants' motion to strike [doc. 13], pertaining to alleged hearsay contained in plaintiff's affidavit. For the reasons stated herein, defendants' motions will be granted and this case will be dismissed.

I.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law." *Edwards v. Aguillard*, 482 U.S. 578, 594 (1987) (quoting Fed. R. Civ. P. 56(c)). The movant may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After the moving party has made its initial showing, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law. *Id.* at 251-52.

A party responding to a summary judgment motion "*must* set forth *specific facts* showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). Broad, conclusory statements in affidavits are insufficient, and missing facts will not be presumed. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). Lastly, "[s]upporting and opposing affidavits . . . *shall* set forth such facts as would be admissible in evidence[.]" Fed. R. Civ. P. 56(e) (emphasis added).

II.

*Background*

According to the complaint, plaintiff "was present at a cock fighting pit in Del Rio, Tennessee" on June 10, 2005. He had "in his possession" birds which he alternately labels "chickens," "roosters," "fowl," and "personal property."

The cock fighting pit was raided by state and federal authorities. Defendant Goodwin, who is the Deputy Director of the Animal Fighting Section of the Humane Society of the United States ("HSUS"), was also present along with other agents and/or employees of the HSUS. Plaintiff seeks compensatory and punitive damages, alleging that defendants "willfully and maliciously and intentionally destroyed" his "roosters," despite being aware of plaintiff's objections and claims of ownership, "by placing the roosters in 55 gal. drums and piping in carbon monoxide."

III.

*Analysis*

A. Affidavits

In opposition to summary judgment, plaintiff has submitted only his own affidavit [doc. 12, ex. A]. The affidavit largely recites what plaintiff purportedly "was told" by one or more unidentified FBI agents - namely, that his "chickens" would not be euthanized because he had claimed them.

In their motion to strike, defendants argue that the alleged FBI statements are inadmissible hearsay. The court agrees. Plaintiff has not suggested a hearsay exception under

which the alleged FBI statements would be admissible. Because evidence supporting or opposing a summary judgment motion must be in admissible form, *see* Fed. R. Civ. P. 56(e), plaintiff's hearsay evidence has not been considered by the court.

Similarly, defendants' summary judgment motion is supported only by the affidavit of defendant Goodwin [doc. 10, ex. A]. A recurring theme in the Goodwin affidavit is that the HSUS and its employees acted only at the direction of representatives of the FBI and/or the USDA. This evidence is offered in furtherance of defendants' position that they are entitled to some form of derivative governmental immunity.

Plaintiff argues that the Goodwin affidavit is riddled with hearsay. The court agrees that, at a minimum, the Goodwin affidavit is of limited value. Although in certain circumstances an "agent's testimony is admissible on the whole subject of the existence of the agency and the scope and extent of the authority conferred[,]" such testimony is not *alone* sufficient to prove the scope of the agent's authority. *See* 3 Am. Jur. 2d § 347.

B. Summary Judgment

Regardless, the court need not reach defendants' derivative immunity argument, because plaintiff has produced no evidence that the defendants euthanized any of *his* fowls. Plaintiff's affidavit, when stripped of hearsay, offers only the statement that "I observed HSUS personnel, including John Goodwin, going in and out of the chicken houses. They were carrying chickens out and placing them in fifty-five gallon barrels where they were gassed with carbon dioxide." Nowhere does plaintiff aver that he saw any of *his* "chickens" being euthanized by the defendants.

The Goodwin affidavit acknowledges that HSUS personnel assisted in the euthanization of "some" fighting cocks. This admission, however, does not raise a genuine issue of material fact as to whether defendants euthanized *any* of *plaintiff's* birds.

In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of his complaint. *Liberty Lobby,* 477 U.S. at 249-50. Again, a party responding to a summary judgment motion "*must* set forth *specific facts* showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). Missing facts will not be presumed, nor will *specific* facts be assumed from *general* averments. *Lujan*, 497 U.S. at 888-89.

Plaintiff has failed to meet his burden of producing admissible, probative evidence in support of a fundamental element of his claim. Defendants' motion for summary judgment will accordingly be granted, and this civil action will be dismissed. An order reflecting this opinion will be entered.

ENTER:

      s/ Leon Jordan
United States District Judge